# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### EASTERN DIVISION

|  |  |
|---|---|
| AARON MICHAEL UHL, | ) No. ED CV 18-2384-FMO (PLA) |
| Petitioner, | ) |
| | ) **ORDER DISMISSING ACTION FOR** |
| | ) **FAILURE TO INFORM COURT OF** |
| v. | ) **ADDRESS CHANGE, LACK OF** |
| | ) **JURISDICTION, FAILURE TO EXHAUST,** |
| NONE SPECIFIED, Warden, | ) **AND FAILURE TO PROSECUTE** |
| | ) |
| Respondent. | ) |

**I.**

**BACKGROUND**

On November 9, 2018, Aaron Michael Uhl ("petitioner"), a prisoner at the Santa Barbara County Jail at the time, filed a handwritten document titled "Petition for Writ of Habeas Corpus (28 U.S.C.A. § 2254)" ("Petition") and captioned "In Re Aaron Michael Uhl on Habeas Corpus." (ECF No. 1). On November 30, 2018, after the Notice of Case Reference mailed by the Court to petitioner was returned as undeliverable, and after reviewing the Petition, the Magistrate Judge issued an Order informing petitioner of the following: (1) he must keep the Court apprised of his current address; (2) he did not use or follow the proper form for § 2254 habeas petitions; (3) the Petition was dismissed with leave to amend; and (4) if petitioner intended to proceed in this action he must file a First Amended Petition no later than December 21, 2018, filled out completely, and submit the $5.00 filing

fee or a request to proceed in forma pauperis ("IFP Request").  (ECF No. 6).  The Magistrate Judge also observed that petitioner must demonstrate in the First Amended Petition that he has exhausted each of his claims, and he must name the proper respondent.  (Id.).  Petitioner was further advised that if he failed to file a First Amended Petition on the proper Central District form, "and/or if [the] Order was returned as undeliverable and/or petitioner has not provided the Court with his current address . . . , **the instant action will be dismissed for failure to prosecute and failure to comply with court orders, and/or as unexhausted, and/or for lack of jurisdiction for failure to name a proper respondent**."  (Id.).  On December 18, 2018, the November 30, 2018, Order was returned to the Court as undeliverable, with the notation "NIC" (not in custody).

On December 11, 2018, petitioner submitted a change of address, informing the Court of his new address and requesting that any documents previously sent to him by the Court at his old address be re-sent to his new address ("Request").  (ECF No. 8).  On December 17, 2018, the Magistrate Judge granted petitioner's Request and directed the Court clerk to provide petitioner with a copy of ECF docket numbers 4 (the Notice of Case Reference) and 6 (the Magistrate Judge's November 30, 2018, Order) at his new address.  (ECF No. 9).  In light of petitioner's change of address, the Magistrate Judge also extended petitioner's deadline for filing his First Amended Petition and an IFP Request (or submitting his $5 filing fee), to no later than January 22, 2019.  (Id.).  The Magistrate Judge informed petitioner that if the Court did not receive a First Amended Petition by January 22, 2019, "**the instant action will be dismissed for failure to prosecute and failure to comply with court orders, and/or as unexhausted, and/or for lack of jurisdiction for failure to name a proper respondent**."  (Id.).

On December 31, 2018, the Magistrate Judge's December 17, 2018, Order addressed to petitioner at his address of record in Idaho, which had also attached the Magistrate Judge's November 31, 2018, Order, and the Notice of Reference, was returned as undeliverable.

As of the date of this Order, petitioner has not communicated with the Court since December 11, 2018, when he informed the Court of his change of address.

/

/

## II.

## DISCUSSION

## A.    FAILURE TO INFORM COURT OF ADDRESS CHANGE

Petitioner's failure to inform the Court of his current address in and of itself warrants dismissal.

Local Rule 41-6 states:

> A party proceeding *pro se* shall keep the Court and opposing parties apprised of such party's current address and telephone number, if any, and e-mail address, if any. If mail directed by the Clerk to a *pro se* plaintiff's address of record is returned undelivered by the Postal Service, and if, within fifteen (15) days of the service date, such plaintiff fails to notify, in writing, the Court and opposing parties of said plaintiff's current address, the Court may dismiss the action with or without prejudice for want of prosecution.

Here, on December 31, 2018, the Magistrate Judge's December 17, 2018, Order to petitioner at his address of record was returned as undeliverable. Petitioner has not apprised the Court of a new address, and in fact has not had any contact with the Court since December 11, 2018, when he informed the Court of his transfer to a detention center in Idaho. (ECF No. 8). Accordingly, petitioner's action is subject to dismissal for failure to comply with Local Rule 41-6.

## B.    FAILURE TO EXHAUST

In the Petition, petitioner admitted that he has *not* exhausted his claims, stating only that "formal compliance with any exhaustion question, if any exist, would likely be futile." (Pet. at 1 (citation omitted)). As a matter of comity, a federal court will not entertain a habeas corpus petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in the petition. Rose v. Lundy, 455 U.S. 509, 518-22, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982). The habeas statute explicitly provides that a habeas petition brought by a person in state custody "shall not be granted unless it appears that -- (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1). Moreover, if the exhaustion requirement is to be waived, it must be waived expressly by the state, through counsel. See 28 U.S.C. § 2254(b)(3).

Exhaustion requires that petitioner's contentions be fairly presented to the *state* supreme court even if that court's review is discretionary. O'Sullivan v. Boerckel, 526 U.S. 838, 845-47, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999); James v. Giles, 221 F.3d 1074, 1077 n.3 (9th Cir. 2000). Petitioner must give the state courts "one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process" in order to exhaust his claims. O'Sullivan, 526 U.S. at 845. A claim has not been fairly presented unless the prisoner has described in the state court proceedings both the operative facts and the federal legal theory on which his claim is based. See Duncan v. Henry, 513 U.S. 364, 365-66, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995); Johnson v. Zenon, 88 F.3d 828, 830 (9th Cir. 1996). Petitioner has the burden of demonstrating that he has exhausted available state remedies. See, e.g., Brown v. Cuyler, 669 F.2d 155, 158 (3d Cir. 1982). In the instant Petition, petitioner indicates that he has not exhausted available state remedies with respect to his habeas claims.

Accordingly, the Petition is subject to dismissal as unexhausted. Greenawalt v. Stewart, 105 F.3d 1268, 1271, 1273-75 (9th Cir. 1997).

## C.    FAILURE TO NAME THE PROPER RESPONDENT

A petitioner seeking habeas corpus relief must name the state officer having custody of him as the respondent to the Petition. See Rule 2(a), Rules Governing Section 2254 Cases in the United States District Courts. This person typically is the immediate custodian of the facility in which the petitioner is incarcerated. Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992) (per curiam) (explaining that a federal habeas petitioner's immediate custodian is the person having day-to-day control over the petitioner and is the only party that can actually produce "the body" of the petitioner). Failure to name the correct respondent deprives federal courts of personal jurisdiction. See Stanley v. Cal. Super. Ct., 21 F.3d 359, 360 (9th Cir. 1994); Dunne V. Henman, 875 F.2d 244, 249 (9th Cir. 1989).

The Court notes that petitioner in the instant Petition did not name a respondent; instead, he simply captioned his action as "In Re Aaron Michael Uhl on Habeas Corpus." (ECF No. 1). The Court, therefore, does not have jurisdiction to consider petitioner's claims.

**D.    FAILURE TO PROSECUTE**

It is well established that a district court has authority to dismiss a petitioner's action because of his or her failure to prosecute. See Fed. R. Civ. P. 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629-30, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962) (holding that a court's authority to dismiss for lack of prosecution is necessary to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the district courts).

In this case, petitioner's failure to keep the Court apprised of his current address renders this case indistinguishable from Carey v. King, 856 F.2d 1438 (9th Cir. 1988).  There, in affirming the district court's dismissal of an action for failure to prosecute based on the fact that the court's mail to plaintiff was returned to the court as undeliverable, the Ninth Circuit observed that "[i]t would be absurd to require the district court to hold a case in abeyance indefinitely just because it is unable, through the plaintiff's own fault, to contact the plaintiff to determine if his reasons for not prosecuting his lawsuit are reasonable or not." Carey, 856 F.2d at 1441.

The Carey court cited the following factors as relevant to a district court's determination of whether dismissal of a pro se plaintiff's (or petitioner's) action is warranted for failure to prosecute: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic sanctions." Carey, 856 F.2d at 1440.

The first two factors -- the public's interest in expeditious resolution of litigation and the Court's need to manage its docket -- weigh in favor of dismissal.  Petitioner's failure to respond to the Magistrate Judge's November 30, 2018, Order and to keep the Court informed of his current address, or to otherwise communicate with the Court since December 11, 2018, hinders the Court's ability to

move this case toward disposition and indicates that petitioner does not intend to litigate this action diligently.

The third factor -- prejudice to respondents -- also weighs in favor of dismissal. A rebuttable presumption of prejudice to respondents arises when a petitioner unreasonably delays prosecution of an action. Eisen, 31 F.3d at 1452-53. Nothing suggests that such a presumption is unwarranted in this case.

The fourth factor -- public policy in favor of deciding cases on their merits -- weighs against dismissal. However, the Magistrate Judge has screened the allegations in the Petition and attempted to inform petitioner that the Court appears to lack jurisdiction to entertain the Petition because petitioner has not exhausted his claims, failed to name a proper respondent, and failed to utilize the proper Central District forms. It is petitioner's responsibility to move his case toward a disposition at a reasonable pace and to avoid dilatory and evasive tactics. See Morris v. Morgan Stanley Co., 942 F.2d 648, 652 (9th Cir. 1991). By failing to respond to the November 30, 2018, Order, to keep the Court informed of his current address, or to otherwise communicate with the Court since December 11, 2018, petitioner has not discharged this responsibility. In these circumstances, the public policy favoring resolution of disputes on the merits does not outweigh petitioner's failure to comply with court orders.

Finally, the mail sent by the Magistrate Judge on December 17, 2018, to petitioner at his address of record was returned as undeliverable, and a search of California's Inmate Locator website also indicates that petitioner is no longer in custody in this state. Petitioner has not informed the Court of his current address and has not otherwise communicated with the Court since December 11, 2018. As in Carey, the Court is unable to contact petitioner "to threaten him with some lesser sanction." Carey, 856 F.2d at 1441 (noting that an order to show cause why dismissal was not warranted or an order imposing sanctions "would only find itself taking a round trip tour through the United States Mail"). It is petitioner's burden to keep the Court apprised of any changes in his mailing address to enable the Court to communicate with him when necessary. Id. Petitioner has not met this burden. Thus, the fifth factor weighs in favor of dismissal.

1    Taking all of the above factors into account, dismissal for failure to prosecute is appropriate.

2    Such a dismissal, however, should not be entered unless petitioner has been notified that dismissal

3    is imminent.  See W. Coast Theater Corp. v. City of Portland, 897 F.2d 1519, 1523 (9th Cir. 1990).

4    In this case, "the local rule itself provided notice" that the action was subject to dismissal for failure

5    to keep the Court informed of any address change.  Carey, 856 F.2d at 1441; see also Local Rule

6    41-6.  And, the Court's efforts to contact petitioner have all failed.

7

8                                            **III.**

9                                    **CONCLUSION**

10    IT IS THEREFORE ORDERED that this action is **dismissed without prejudice** for failure

11    to apprise the Court of his current address in violation of Local Rule 41-6, for lack of jurisdiction,

12    for failure to exhaust and to name the proper respondent, and for failure to prosecute.

13

14    DATED: January 11, 2019                    _____/s/_____

15                                                HONORABLE FERNANDO M. OLGUIN
                                                 UNITED STATES DISTRICT JUDGE

16

17

18

19

20

21

22

23

24

25

26

27

28